NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD E. LAMB,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LVNV FUNDING, LLC,<br><br>　　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.;**<br><br>**3. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

**NOW COMES** LLOYD E. LAMB ("Plaintiff"), by and through his undersigned attorney, complaining of LVNV Funding, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer

1

Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA").

### JURISDICTION AND VENUE

2.   Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C.

§§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction

exists for the state law claims pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern

District of California, Defendant conducts business in the Eastern District of California, and

maintains significant business contacts in the Eastern District of California.

### PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined

by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant is a limited liability company organized under the laws of Delaware. Defendant

has its principal place of business at 6801 South Cimarron Road, Suite 424- J, Las Vegas, Nevada

89113. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose

of Defendant's business is the collection of debt. Defendant is a "debt collector" as defined by 15

U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be

owed or due another.

### FACTS SUPPORTING CAUSES OF ACTION

6.   Prior to the events giving rise to this cause of action, Plaintiff defaulted on an outstanding

debt with Citibank ("subject debt").

7.   Subsequently, Calvary Portfolio Services, LLC ("Calvary"), a debt collector, acquired the

right to collect on the defaulted subject debt.

8. Consequently, around late August 2020, Plaintiff made a payment to Calvary to satisfy the subject debt in full.

9. Thereafter, the subject debt was transferred to Defendant for collection, despite Plaintiff satisfying the subject debt in full with Calvary.

10. In September 2020, Defendant began calling Plaintiff on his cellular phone in an attempt to collect on the subject debt.

11. At times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number, (925) XXX-7001. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

12. Immediately after the calls began, Plaintiff answered a call and stated he did not owe the debt. Defendant's representative responded by stating "You know you owe this debt Mr. Lamb."

13. On November 3, 2020, Plaintiff checked his credit reports and noticed Defendant reporting the subject debt on his credit.

14. Perplexed as to why Defendant was calling and reporting the already paid off subject debt on his credit, Plaintiff ensured Defendant was on notice Plaintiff had satisfied the subject debt.

15. Despite Plaintiff having satisfied the subject debt, Defendant continues to call Plaintiff and attempt to collect.

16. Moreover, Defendant continues to inaccurately report the subject debt on Plaintiff's credit.

17. Furthermore, at no time did Defendant send Plaintiff any correspondence notifying him of his rights pursuant to 15 U.S.C. §1692g.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

3

20. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

23. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant violated 15 U.S.C. §1692d, d(5), e, e(2), e(8), e(10), and g through its unlawful debt collection practices.

### a.  Violations of FDCPA § 1692d

25. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after being put on notice Plaintiff did not owe the subject debt.

26. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephones from September 2020 through the present day.

### b.  Violations of FDCPA § 1692e

27. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged subject debt. The alleged subject debt was not owed at the time Defendant reported the debt as being owed.

28. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the alleged debt from Plaintiff personally despite Plaintiff not owing the alleged debt, which had previously been paid. Defendant knew Plaintiff did not have any legal obligation to pay the subject debt, but despite having actual knowledge, Defendant began reporting the subject debt as unpaid.

29. Defendant violated §1692e(8) by communicating false and inaccurate credit reporting information regarding the subject debt to Plaintiff. Defendant knew or should have known that the subject debt was paid in full and that Plaintiff no longer owed the subject debt.

30. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendant led Plaintiff to believe he owed a debt that he did not truly owe, thus hoping to drive Plaintiff to make a payment.

### c.  Violations of FDCPA § 1692g

31. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant reported on Plaintiff's credit as its initial communication and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication.

5

32. As an experienced debt collector, Defendant knew or should have known the ramifications of not sending a validation notice within 5 days of the initial communication pursuant to §1692g.

**WHEREFORE**, Plaintiff LLOYD E. LAMB respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

35. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

36. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

37. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

38. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between September 2020 and the present day, using an ATDS without his prior consent.

39. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

40. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

41. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

42. Each Defendant, through their agents, representatives, subsidiaries, vendors, independent contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

43. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff LLOYD E. LAMB respectfully prays this Honorable Court for the following relief:

    a.  Declare Defendant's calls to Plaintiff to be violations of the TCPA;

    b.  Award Plaintiff damages of at least $500 per call, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

    c.  Awarding Plaintiff costs and reasonable attorney fees;

    d.  Enjoining Defendant from further contacting Plaintiff; and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III– VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

7

45. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

46. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

47. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a.  Violations of RFDCPA § 1788.17

48. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

49. As outlined above, through their conduct in attempting to collect upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, f, and g of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

50. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, LLOYD E. LAMB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.   Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c.   Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d.   Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

    e.   Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

    f.   Award any other relief as the Honorable Court deems just and proper.

Dated: November 13, 2020          Respectfully submitted,

                                By: /s/ Nicholas M. Wajda
                                Nicholas M. Wajda
                                WAJDA LAW GROUP, APC
                                6167 Bristol Parkway, Suite 200
                                Culver City, California 90230
                                Telephone: (310) 997-0471
                                Facsimile: (866) 286-8433
                                Email: nick@wajdalawgroup.com